No. 410
FREEDMAN et v. E. H. WIENER CO.
Ohio Appeals, 9th Dist. Summit Co.
No. 893. Decided Feb. 16, 1925

297. CONTRACTS—Offer to cancel contract, and acceptance of offer, constitutes a valid cancellation of obligations on both sides; may be shown by dealings of the parties, and need not be by express agreement.

PARDEE, J.

Morris Freedman and the E. H. Wiener Co. entered into a contract in which two cars of raisins were purchased by the Wiener Co. Freedman brought this action in the Summit Common Pleas claiming that the Wiener Co. wrongfully and without cause, refused to accept said raisins, whereby he was damaged in the sum of $603.74.

The Wiener Co. admitted purchasing the raisins, but claimed a custom under which it had a right to inspect the raisins. The Company further claimed that the contract was rescinded and cancelled by Freedman, which recission was acquiesced in and agreed to by

it; and that Freedman sold the raisins to others.

It seems that there was a dispute which arose before the arrival of the raisins in Akron, where the Wiener Co. was located. The Wiener Co. wired Freedman claiming the right to inspect the raisins before paying the draft. Freedman answered that the inspection was unnecessary and if draft was not paid before inspection the deal was off. The Company wired back telling Freedman to sell elsewhere: and when the raisins arrived refused to accept. The Common Pleas judgment was in favor of the Wiener Co. Error was prosecuted and the Court of Appeals held:

The telegram sent by Freedman was an offer to cancel the contract and the answer by the Company was the acceptance of the offer. Judgment of trial court affirmed.

Attorneys—Otis, Berry and Sheppard, for Freedman; N. M. Greenberger, for Company; all of Akron.

---

No. 411
KINSMAN NAT'L BANK v. JERKO
Ohio Appeals, 7th Dist., Trumbull Co.
Decided March 2, 1925.

Judge Sullivan of 8th Dist. sitting by designation.

For OS. Pending Case see 3 Abs. 250.

677. JUDGMENT—Invalid for want of jurisdiction, and being void, is ground for vacating it at any time before or after term in which it was rendered.

FARR, J.

The action was instituted by John Jerko in the Trumbull Common Pleas to vacate a judgment held by the Kinsman National Bank by reason of a warrant of attorney which was annexed to a note coming into the hands of the bank. The Common Pleas granted the motion to vacate the judgment. Error was prosecuted and in affirming the decision, of the lower court, the Court of Appeals held:

1. The judgment upon warrant of attorney, which was executed, in Pennsylvania is void, for want of jurisdiction. Spence v. Emerine, 46 OS. 433.

2. Court may at any time vacate or set aside a judgment which is void.

3. Invalidity of judgment for want of jurisdiction, renders the judgment void as distinguished from merely voidable; is ground for vacating it, at any time before or after expiration of the term at which it was rendered. Darst v. Phillips, 41 OS. 514.